## COOPER et al. v. LONG et al.

No. 14129—Opinion Filed July 24, 1923.

Rehearing Denied Nov. 20, 1923.

1. **Homestead—Maximum of Land—Rights as Against Cotenants.**

A cotenant, the head of a family, who has an individual homestead consisting of less than 160 acres of land, cannot subject to the homestead rights a tract of land held in cotenancy, to the exclusion of the rights of the other contenant, or those holding under him, where the interest of the homesteader in the land held in common, together with the original homestead, would equal or exceed 160 acres.

2. **Same—Separate Tracts.**

The homestead may consist of one or more tracts but the head of a family cannot establish and maintain two separate and distinct homesteads, and the lands designated as a homestead cannot exceed in area 160 acres.

3. **Appeal and Error—Review—Findings —Evidence.**

The judgment of the court on matters of fact where a jury is waived and the case submitted to the court is given the same weight as the verdict of a jury, and where the evidence reasonably tends to support the findings, the same will not be disturbed by this court on appeal.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Murray County; George W. Clark, Assigned Judge.

Action by Jim Long against Annie Cooper and others. From an adverse judgment, Annie Cooper and another bring error. Affirmed.

W. N. Lewis, for defendants in error.

Alvin F. Pyeatt and G. G. McVey, for plaintiffs in error.

Opinion by JONES, C. This case was originally instituted in the district court of Murray county, Okla., by Jim Long, plaintiff, against Annie Cooper, defendant, and thereafter, on motion to intervene, James Cooper was made a party defendant, and filed his answer which necessitated the intervention of the party Boyd B. Horsman, and the parties as they appear in this court are Annie Cooper and James Cooper, plaintiffs in error, against Jim Long, and Boyd B. Horsman, defendants in error.

James Cooper and Annie Cooper are fullblood Mississippi Choctaw Indians, and the parents of Nancy Cooper, deceased, the allottee of the lands in controversy. Nancy Cooper died intestate, unmarried, and without issue, in Murray county, on the 4th day of August, 1921, and was about 21 years of age, leaving as her sole heirs, her mother, Annie Cooper, and her father, James Cooper. The parents, Annie Cooper and James Cooper, had been divorced several years prior to the death of Nancy Cooper, and Nancy had lived with her mother, Annie Cooper, since the separation, and about January 1, 1921, Nancy Cooper, together with her mother, Annie Cooper, and other minor children, moved upon the lands in controversy, and were occupying same at the time of Nancy Cooper's death. And Annie Cooper, together with her minor children, continued to live upon the same after the death of Nancy Cooper, and was living there at the time of the institution of this suit, and now claims same as her homestead.

In September, 1921, subsequent to the death of Nancy Cooper, James Cooper, her father, executed a deed of conveyance with full covenants of warranty to E. G. Peery, which deed was approved by the county court of Murray county, conveying to him one-half interest in and to the allotment of Nancy Cooper, which he had inherited. E. H. Perry conveyed the interest acquired by reason of the deed from James Cooper to Jim Long, one of the defendants in error, and Long subsequently conveyed an undivided one-half interest in the interest he acquired by reason of the deed of conveyance, to Boyd B. Horsman.

On March 20, 1922, the defendant Jim Long filed his petition in the district court

of Murray county against Annie Cooper, in which he alleges he was the owner of an undivided one-half interest in the allotment of Nancy Cooper deceased, by reason of the conveyance executed by James Cooper, and prayed for a partition or division of the land. To which petition the defendant Annie Cooper answered, setting up the claim that she was occupying same as a homestead and had so occupied said land since the death of her daughter, Nancy Cooper. and that any interest acquired by the plaintiff, James Long, was subject to the homestead rights of said Annie Cooper; and thereafter, on June 5, 1922, the plaintiff in error, James Cooper, having obtained leave of the court to intervene in the action, filed certain pleadings in which he admits the relationship of the parties and the execution of the deed of conveyance to Peery, but alleges that same was obtained through fraud and misrepresentations, and further alleges that the consideration received by him was grossly inadequate, and asks that said deed be canceled. E. H. Peery filed an answer in which he disclaims any interest in the land, and Jim Long filed an amended petition, admitting the one-half interest claimed by Horsman. Upon these pleadings the case was tried before the court without the intervention of a jury.

There is no conflict in the evidence as to the material issues in the case, save and except the question of fraud and inadequacy of consideration in procuring the deed of conveyance from James Cooper. And while the plaintiffs in error raise numerous assignments of error, they only urge two in their brief, and admit in their brief that all the assignments of error may be discussed under the third and fifth assignments of error. Hence the court will take no further notice of the other assignments of error.

The third assignment of error is to the effect that the court erred in rendering judgment for the defendants in error, Jim Long and Boyd B. Horsman, for an undivided one-half interest in the fee in the land described in this action, and in ordering partition of the same between said defendants in error and the plaintiff in error Annie Cooper. And in support of this contention urge that the evidence satisfactorily shows that the interest of James Cooper was bought for a grossly inadequate sum and that the purchase and approval of the deed were induced by false and fraudulent statements, and on the question of inadequacy of consideration cite the authorities in Bruner et ux. v. Cobb et al., 37 Okla. 228, 131 Pac. 165, and Baker et al. v. Wiseman et al., 51 Okla. 645, 151 Pac. 1047. The case of Bruner v. Cobb is a well-known case

in this state, wherein the county judge of Seminole county, during his term of office, purchased valuable lands for a consideration of about $1 per acre, and we think presents a state of facts entirely different from the case at bar.

The evidence as to whether or not the consideration is adequate or not is not conclusive, and the witnesses in their estimation of the value of the land placed it at from $15 to $50 per acre. The deed conveys an undivided one-half interest in the entire allotment, and the evidence discloses that the consideration paid was somewhere between $700 and $1,100. It further shows that James Cooper was an intelligent Indian, capable of attending to his business, and we are not able to say, under the state of facts, that the consideration was sufficiently inadequate to justify the cancelation of the deed. And in view of the conflicting evidence, the trial court was in a better position to pass upon those issues of fact than is this court.

The second assignment of error urged by the plaintiffs in error in their brief raises the question of whether or not the plaintiff in error Annie Cooper occupied the land in controversy as her homestead and whether or not she is entitled to establish such claim, contending that she occupied the same as a cotenant with her former husband or his vendee, Long, and that by reason of the fact that she was the head of a family, she was entitled to designate said land as her homestead and to hold the same as a homestead as against her cotenant, James Cooper, and those holding under him. But from an examination of the record we find that Annie Cooper had a homestead in the neighborhood of Davis, not far distant from where this property is located; that she had lived upon and occupied same as a homestead with her family until January, 1921, within a few months prior to the death of her daughter, Nancy Cooper. And, while the same is temporarily rented, there is no contention that she has abandoned it, and we think that this fact, which is undisputed, is sufficient to preclude her from making any claim of a homestead upon the inherited lands of her daughter to the exclusion of other cotenants. The tract upon which she lives consisting of 160 acres, and assuming that she only claims that portion of the allotment as her homestead, that, together with her original homestead, would contain 260 acres, which would be in excess of the amount allowed by law as a homestead. She could very properly claim her interest in the inherited land as a part of her homestead to the extent of 60 acres, which, together with her original homestead,

might constitute the homestead of the family, with the interest of her cotenant.

Nor do we think that she should be permitted to abandon her individual homestead, which is restricted land and exempt from sale, and specially selected by her as her homestead, for the purpose of defeating the rights of her cotenant, or those holding under him, out of his interest in the inheritance.

Plaintiffs in error and defendants in error give considerable space in their briefs to a discussion of the question of whether or not property held by cotenants can be subjected to homestead claim by one of the cotenants, and apparently there is a conflict of authorities, but in keeping with the decisions of this court, there might be such a set of circumstances as would authorize and justify such a claim and the establishing and maintaining of a homestead on real estate belonging to cotenants. But in view of the fact that the evidence discloses, and is undisputed, that the plaintiff in error Annie Cooper still retains her original homestead, the question is of secondary importance in deciding the rights of the parties in this case. We realize that the law in this state is very broad and has been liberally construed in this court. And a homestead may consist of one or more tracts of land, but there is no authority of law, so far as we have been able to ascertain, to authorize the establishing of two separate homesteads, or of a homestead in excess of 160 acres of land, by a single head of a family; in fact, there is no reason or justification for establishing two separate and distinct homesteads by any head of the family. The land in controversy was the separate estate of Nancy Cooper, deceased, and so far as this record discloses the parties to this controversy, her heirs, had no interest in the estate other than by reason of inheritance; and clearly the contention of plaintiffs in error should not be permitted to prevail as against the purchaser of the interest in real estate in excess of 160 acres of one of the cotenants and heirs. 29 Corpus Juris, page 849, section 167, in discussing the question here involved says:

"This rule is subject, of course, to the qualifications that the tenant in common or joint tenant can obtain no such homestead interest as will interfere with the rights or interest of his cotenant or any person rightfully claiming under his cotenant."

And in support of the text cites the cases of Thorn v. Thorn, 15 Iowa 54, Tarrant v. Swain, 15 Kan. 146, and other authorities. However, the court has adopted a more liberal construction of this rule, and in the case of Gooch v. Gooch, 38 Okla. 300, 133 Pac. 242, the court said:

"By section 1, art. 12, of the Constitution, and section 3346, Comp. Laws 1909 (Rev. Laws 1910, sec. 3342, Comp. Stat. 1921, section 6595), the homestead of a family may consist of more than one tract of land, and may be owned by either husband or by his wife, or by both jointly, or one tract may be owned by one and the other tract owned by the other so long as the aggregate number of acres occupied as a home does not exceed 160 acres."

And we think the rule announced sufficiently broad to include lands of cotenants, and especially where the cotenants are husband and wife, and the parents of the children constituting the family, and that under proper circumstances and conditions, same could be subjected to, and held as a homestead; but in this case no necessity arises for the subjection of the interest of a cotenant, and those holding under him, to the homestead rights.

Finding no error, the case is affirmed.

By the Court: It is so ordered.