**BRADLEY v. FLOWERS, Sheriff, et al.**

No. 24481.   Nov. 12, 1935.

W. T. Drake, C. A. Summers, and R. Emmett Stewart, for plaintiff in error.

C. E. Castle and E. J. Broaddus, for defendants in error.

PER CURIAM. This is an appeal from a judgment in an injunction suit denying a permanent injunction from Wagoner county. The plaintiff in error was plaintiff and the defendants in error were defendants in the trial court, and they will be called in this opinion as in the court below.

The facts in the case are substantially as follows:

Dennis Thompson obtained a judgment against Mrs. L. B. Bradley et al. in the district court of Wagoner county. He later died and the case was revived in the name of his widow, Jimmie Thompson, executrix of the estate of Dennis Thompson, deceased. An execution was issued on the said judgment and placed in the hands of the sheriff of Wagoner county for service, and the sheriff levied the execution on two tracts of land in the said county belonging to the plaintiff, Mrs. L. B. Bradley, as follows: The northwest quarter of the northwest quarter of the northeast quarter, and the west half of the northeast quarter of the northwest quarter of the northeast quarter of section 10, township 16 north, range 16 east, and the south 16 acres of the southeast quarter of the northeast quarter, of section 3, township 16 north, range 16 east,

Wagoner county, and advertised the same for sale to satisfy the said judgment. The plaintiff herein, Mrs. L. B. Bradley, and her husband. S. B. Bradley, brought suit in the district court of Wagoner county against the sheriff and the judgment creditor, Jimmie Thompson, executrix of the estate of Dennis Thompson, deceased, to enjoin the sale of the said lands on the ground that they claimed the same as their homestead. The defendants answered by a general denial. At the beginning of the trial the case was dismissed as to S. B. Bradley on motion of the attorneys for the plaintiff and by order of the court.

The case was tried by the court and in the trial the evidence showed that the original plaintiffs were married; that the husband, S. B. Bradley, at the time of the trial was an insane person and incarcerated in the State Hospital at Norman; that the plaintiff and her husband had been living in the town of Redbird, Okla., for the past 15 years, and that when they first moved to this town they purchased lots 1, 2, and 3 in block 105 upon which lots there was a house and other buildings; that for the past 12 or 13 years the plaintiff has been operating a store in this town; and the plaintiff and her husband had lived in the house located upon the said above-described lots ever since they moved to the town of Redbird, except the two years prior to the trial, during which time they lived in the back of the store which this plaintiff operated; that at the time of the trial the plaintiff had part of her furniture stored in the house in town; and that no one except the plaintiff and her family had lived in the house.

The evidence further shows that the real estate upon which the sheriff levied was located adjoining the town of Redbird; that the plaintiff purchased the 15-acre tract in the year 1922 and the 16-acre tract in the year 1923; that the plaintiff had always leased the same and had a tenant thereon; that this plaintiff had caused the same to be fenced and cross fenced, and had placed a pump and tank upon the premises; that there were no other improvements upon the land except a small shed, which the plaintiff caused to be moved from the premises about two years prior to the trial.

The evidence further discloses that the plaintiff had talked to persons about moving the house from the town property to the farm property, and that she had in prior years told various persons that she intended

to move the house located on the town property to the farm property.

Evidence further discloses that immediately after the judgment was rendered the plaintiff conveyed all her property, both real and personal, to her nephew, Walton West, who had lived with her for the past 13 years, and who at the date of the transfer was 21 years of age.

The evidence further discloses that the plaintiff owned other real property which was levied upon by the sheriff and sold.

The court after hearing the testimony rendered a judgment in favor of the defendants, and held the 31 acres of land did not constitute the homestead of the plaintiff, and that the same is not a homestead exempt from execution and the same is subject to execution sale in satisfaction of said judgment; that the temporary restraining order be dissolved, and that the plaintiff's petition for permanent injunction be denied.

There is but one question presented in this appeal, and that is, whether the judgment of the trial court is clearly against the weight of the evidence.

Both by Constitution and statute the homestead of any family in this state, not within any city, town or village, shall consist of not more than 160 acres of land to be selected by the owner. Const. art. 12, sec. 1; O. S. 1931, sec. 1643. Both Constitution and statute are silent as to the time and manner of selection, and it has been held by this court that the question of a selection sufficient to impress the homestead character on property, without actual occupancy thereof as a home, must depend upon the facts and circumstances in evidence in each case. McDonald v. Miller, 77 Okla. 97, 186 P. 957. Intention is evidenced by acts, or expressed by language. Sometimes both acts and language concur in evincing an intention. At other times the acts and language on which the existence of intention depends for support are at variance. When such a case is presented the acts of the parties are more cogent and of greater probative value in determining what were their intentions at a stated time than are mere words expressive of their intentions.

So in this case the plaintiff purchased the lots about 15 years ago and there lived until she moved in the store building, and then continued to use the house on the lots to store her furniture, etc., up until the time of the trial of this case. At no time was there a house or any other improvements placed upon the farm land by which it could be said that the plaintiff intended to have the same for a homestead.

This court has passed upon numerous cases involving homestead questions, and has always given liberal construction to the constitutional and statutory provisions for the protection of the home of the family against the claims of creditors. It has been held consistently that a bona fide intention to make a tract of land the family home, evidenced by overt acts in preparation for reasonably delayed occupancy, will be sufficient to impress the land with the homestead character. Kelly v. Moseby, 34 Okla. 218, 124 P. 984; Laurie v. Crouch, 41 Okla 589, 139 P. 304; Illinois Insurance Co. v. Rogers, 61 Okla. 43, 160 P. 56; American Surety Co. v. Gibson, 65 Okla. 206, 166 P. 112; McFarland v. Coyle, 69 Okla. 248, 172 P. 67. In harmony with the principle of the foregoing cases, this court has also held that where the homestead character has once been impressed on land, the burden of proof as to abandonment rests on the one asserting it. McCammon v. Jenkins, 44 Okla. 612, 145 P. 1163; Long v. Talley, 84 Okla. 38, 201 P. 990. But this court has not held that a bare expression of intention to make a certain tract of land the family home at some future time, contradicted by the subsequent act of acquiring and dedicating to the family use as a home an entirely different piece of property, is sufficient to impress the homestead character on the property first mentioned. It has been held directly to the contrary. Shipley v. Thompson, 106 Okla. 41, 234 P. 717. Where an expressed intention, or even overt acts, are not followed by logical and subsequent act of occupancy, then the parties are not entitled to claim the property as a homestead.

We, therefore, find that the evidence reasonably supports the judgment of the trial court, and the same is hereby affirmed.

The Supreme Court acknowledges the aid of Attorneys E. S. Collier, Lonnie Corn, and Tom L. Ruble in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Collier and approved by Mr. Corn and Mr. Ruble, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and

RILEY, BUSBY PHELPS, and GIBSON, JJ., concur. BAYLESS, WELCH, and CORN, JJ., absent.