KARBS et al. v. BOUSE et al.

No. 31604. Jan. 9, 1945.

*154 P. 2d 968.*

Falkenstine & Fisher, of Watonga, for plaintiffs in error.

E. Blumhagen, of Watonga, for defendant in error Mollie Bouse.

RILEY, J. This appeal presents the question of whether a widow's probate homestead, after the remarriage of the widow, is subject to partition at the suit of a child and heir of the deceased husband.

The land involved, consisting of 160 acres in Blaine county, was owned by Christ Karbs at the time of his death, August 12, 1939. The land was then occupied by decedent and Mollie Karbs, his wife, as a home. The land had been acquired by decedent prior to his marriage to Mollie, who was a second wife. Decedent left surviving him as his only heirs, his widow, Mollie Karbs, and three adult children by the former marriage. The children were Harry E. Karbs, Mabel Karbs, and Bill Karbs.

In the administration proceedings in the estate of Christ Karbs the land was set apart to the widow, Mollie Karbs, as a homestead. By final order, the land was distributed to the widow and three children, in equal shares, subject to the homestead rights of the widow. The widow continued to occupy the land as a home. On August 1, 1942, she was married to Albert S. Bouse.

Albert S. Bouse then owned two improved farms in Major county. After the marriage, Albert S. Bouse and Mollie continued to live upon and occupy the land. On August 5, 1942, Harry E. Karbs and Bill Karbs, joined by their wives, commenced this action against Mollie Bouse, Albert S. Bouse, Mabel Karbs Haffner and her husband, Howard Haffner, to partition said land. Defendant Mollie Bouse answered setting up her claim to the land as a homestead. Albert S. Bouse, Mabel Haffner, and Howard Haffner filed no answer and made no appearance. Plaintiffs replied, asserting, in substance, that by reason of the marriage of Mollie to Albert S. Bouse, who owned two other farms either of which he might claim as a homestead, Mollie forfeited her right to claim the probate homestead, and that her homestead rights in the land owned by her former husband thereby terminated.

Issues were tried to the court, resulting judgment and decree in favor of defendant, upholding her right to claim the land as a homestead, and denying partition. Plaintiffs appeal.

It is the position of plaintiffs that upon the marriage of the widow to defendant Albert S. Bouse, who owned land subject to homestead claim, she ceased to be the "surviving spouse" of Christ Karbs and the property involved ceased to be a probate homestead and thereby became subject to partition.

The basis of the homestead right is section 311, Title 58, O.S. 1941, which, in part, reads:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, which shall not in any event be subject to administration proceedings until it is otherwise disposed of according to law; . . ."

The general rule is that insofar as the rights of the surviving wife, husband, or minor children to occupy the property as a homestead are concerned, it is not material in which party the legal title is vested, and if there are heirs

holding the legal title, they will not be entitled to a partition of the property during the life of the surviving husband or wife who actually possesses and occupies the premises as a home. 13 R.C.L. 686.

Under the provisions of Title 58, O.S. 1941, § 311, supra, the right to occupy the homestead is given by the statute and requires no order of the court to vitalize and give it effect. Kimberlin v. Anthony, 124 Okla. 170, 254 P. 1.

The homestead right is a creature of the Constitution and statutes, unknown to the common law. Pettis v. Johnston, 78 Okla. 377, 190 P. 681; Hembree v. Magnolia Petroleum Co., 176 Okla. 524, 56 P. 2d 851.

In Musselman et al. v. Monroe, Gdn., 167 Okla. 560, 31 P. 2d 142, it is said:

"Therefore, it is apparent without argument that the homestead is a distinct interest from title. As frequently stated, it is a creature of the Constitution and statutes, unknown to the common law, and on a second marriage to the surviving spouse there is nothing in the law to indicate that the right created by the second marriage could add to the rights of the survivor of the first marriage."

The latter case is similar in some respects to the instant case. There the widow of Orson E. Rice, deceased, together with one minor child of deceased occupied the premises owned by her first husband at the time of his death. Charles S. Musselman married the widow and lived with her on said premises. Three children were born of that marriage. Musselman's wife, the former widow of Orson E. Rice, died and Musselman asserted a homestead right for himself and three minor children of the second marriage, to the exclusion of the rights of the minor child of Orson E. Rice. The right contended for by Musselman was denied. Therein this court set forth the time at which the homestead right of the former wife of Orson E. Rice terminated. In this connection it is said:

"In other words, when Lela M. Rice, as the surviving widow of her first husband, became vested with her homestead, her rights could not be enlarged by her second marriage. It was equally true that after her marriage to Musselman and her death following that, her rights terminated with her death, and consequently any interest in the homestead acquired by the second husband and his children by her likewise terminated, and at that time the rights of the surviving child from the former marriage to the 'whole homestead' began. No other construction can be placed upon the statutes from which we have quoted and to which reference has been made heretofore."

It is there distinctly held that the marriage of the widow of Rice to Musselman could not add to the rights of the survivor of the first marriage and that her homestead rights, as survivor of the first marriage, terminated with her death. In other words, the homestead right continued until her death.

Homestead rights, being creatures of the Constitution and statutes, are extended or limited by the constitutional or statutory provisions by which they are created.

The general rule appears to be that in the absence of a constitutional or statutory provision limiting the homestead rights of the surviving spouse to the time such surviving spouse remains single, by marriage such survivor does not lose the homestead rights so long as actual occupancy and use of the premises continues. 29 C.J. 1001.

Plaintiffs cite a number of cases from other jurisdictions holding, in effect, that the homestead rights of the widow as to land owned by her deceased husband terminated upon remarriage of the widow. But examination of those cases will disclose that most, if not all, of them are based upon statutes which limit the homestead right of a widow to the period of her widowhood. All, or nearly all, of the cases construing a statute similar to the Oklahoma statute hold that remarriage of the widow, of itself, does not terminate her homestead rights where she continues to occupy and use the land as a home. Fore v. Fore, 2

N.D. 260, 50 N.W. 712; Yellow-Hair v. Pratt, 41 S.D. 190, 169 N.W. 515.

Wells v. Sweeney, 16 S.D. 489, 94 N.W. 394, is a case construing a statute identical with Title 58 O.S. 1941 § 311. The title to the land constituting the homestead was in the wife. After her death, the surviving husband continued to occupy and possess the land as his homestead. He sought to partition same as against the children of his deceased spouse, subject to his possession and occupancy as a homestead. Remarriage of the surviving husband was not involved, but the court expressly held that he was entitled to possess and occupy the whole homestead during his life and the land was not subject to partition while so possessed and occupied.

Under the rule stated by the courts construing statutes similar to ours, remarriage of the widow of the owner of the homestead premises did not terminate her homestead rights in the land. She was entitled to possess and occupy the land as her homestead without regard to the property owned by her second husband. The land is not subject to partition at the suit of plaintiffs so long as defendant Mollie Bouse continues to possess and occupy it as a home.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, DAVISON, and ARNOLD, JJ., concur.