Thomas F. MERCER and Miriam Mercer
Bradley, Plaintiffs in Error,

v.

Helen L. MERCER, Defendant in Error.

No. 39128.

Supreme Court of Oklahoma.

Sept. 19, 1961.

Rehearing Denied Oct. 17, 1961.

Leon J. York, Sr., Leon J. York, Jr., Stillwater, for plaintiffs in error.

Hoel & Horton, Stillwater, for defendant in error.

DAVISON, Justice.

This is an appeal from a District Court judgment granting homestead rights in a residential property and widow's allowance to Helen L. Mercer (herein referred to as Helen), as surviving spouse of H. Ford Mercer (herein referred to as Ford), deceased.

The record · reflects that in 1945 Ford Mercer and his then wife, Frances S. Mercer, took title to Lots three and four, Block four, in Park Addition to the City of Stillwater, Oklahoma, "as joint tenants, and not tenants in common, with right of survivorship." They occupied the property as their homestead together with their minor children, Thomas F. Mercer and Miriam Mercer, now Bradley (herein referred to by name or as plaintiffs in error). On February 25, 1957, Frances died, leaving as her survivors, Ford (surviving husband) and her adult children, Thomas and Miriam. Ford and Thomas continued to reside in the property.

The record further reflects that Ford was employed by the Wildlife Division of Oklahoma State University. In January, 1958, he applied for a position in the Point-4 Program for a period of two years in Ethiopia: In such position he would be on leave of absence but continue as an employee of the University with funds furnished by the United States and Ethiopian governments. Ford and Helen were then engaged to be married. Anticipating approval of this application Ford and Helen secured passports, took physical examinations and immunization shots and otherwise prepared for the foreign assignment. The marriage date was set for May 15, 1958. Thomas (unmarried) returned from military service April 24, 1958, and resumed residence in the property with his father, Ford.

On May 15, 1958, Ford and Helen were married and, after a two day trip, lived in the property as husband and wife. Four or five days after the marriage Ford was informed of final approval of his application and on May 26, 1958, he and Helen left Stillwater, Oklahoma, and went to Ethiopia. Thomas continued to reside in the property as a tenant on a rental basis. On April 5, 1959, Ford died in Ethiopia and Helen returned to the United States. She resumed residence in the property.

The will of Ford, leaving all his property in equal shares to his surviving wife, Helen, and children, Thomas and Miriam, was admitted to probate in the county court. The county court ordered the property set

aside to Helen as her probate homestead and awarded her exclusive possession and granted her a widow's allowance. Thomas and Miriam appealed to the district court.

On trial de novo the district court affirmed the judgment of the county court. Thomas and Miriam have perfected this appeal from that judgment.

Plaintiffs in error urge that Helen, being the second wife of Ford, could not as a matter of law obtain homestead rights to the property that had been previously impressed with homestead rights by Ford and his first wife and family. It is argued under this proposition that another homestead cannot be superimposed upon a homestead already existing in favor of the members of the family.

Sections 1 and 2, Art. 12 of the Oklahoma Constitution, and 31 O.S.1951 § 1 (Amended Laws 1957), declare the extent and value of the homestead and its exemption, with certain exceptions, from forced sale. These exemption rights are intended as a protection against creditors only. Title 58 O.S.Supp.1953 § 311 gives to the surviving spouse the right to continue to possess and occupy the whole homestead. This is known as the probate homestead. The purpose thereof was to protect the survivor in this right against all persons. These are two distinct policies of the state, and should not be confused in determining the rights of a party under either policy. See Bowers v. Gardner, 122 Okl. 26, 250 P. 490.

The present case does not involve the rights of creditors or exemption from forced sale. Consequently the authorities cited by plaintiffs in error relative to the exemption of a homestead are not in point. The question is whether Helen is entitled to occupy the property as a probate homestead in relation to the estate of Ford, her deceased spouse. Therefore the validity of the contention of plaintiffs in error depends on whether Ford was vested with a probate homestead upon the death of his first wife, Frances.

As stated, Ford and Frances took title to the property as joint tenants, with right of survivorship. In Draughon v. Wright, 200 Okl. 198, 191 P.2d 921, 923, we held:

" * * * Survivorship is the distinguishing characteristic of a joint tenancy. 48 C.J.S., Joint Tenancy, § 1. And it is this distinctive characteristic of survivorship which, on the death of one of the joint tenants, precludes the devolution upon his heirs of any interest in the estate held in joint tenancy. As to property held in joint tenancy, there is nothing to inherit from the one dying first. The survivor takes under the original grant (48 C.J.S., Joint Tenancy, § 1), his estate being simply freed from participation by the death of his former joint tenant. The survivor takes the entire estate to the exclusion of the heirs of the deceased. 7 R.C.L. 812; 33 C.J. 903 and 915; 14 Am.Jur. 79, 80."

See also Jones v. Novotny, Okl., 352 P.2d 905.

Under the above-stated law the fee-simple title to the property was vested in Ford upon the death of Frances. His possession and occupancy of the property was by virtue of his title and not by reason of any probate homestead. Neither the property nor any interest therein constituted a part of the estate of Frances. Under the circumstances no probate homestead came into being. This was the situation at the time of the marriage of Ford and Helen. The probate homestead granted to Helen in Ford's estate was not superimposed or given in any existing probate homestead.

Plaintiffs in error cite In re Richard's Estate, Okl., 294 P.2d 818, and In re Musselman's Estate, 167 Okl. 560, 31 P.2d 142. These cases hold that a surviving second spouse does not have a homestead right in the homestead previously vested in his deceased spouse. These cases are not in point because as above shown and stated

no probate homestead was vested in Ford at the time of his marriage to Helen.

Plaintiffs in error also urge that Ford never established a homestead in the property after his marriage to Helen, or conceding that he did, that the homestead was abandoned when he and Helen went to Ethiopia. These contentions are based on testimony that Ford stated, prior to his marriage to Helen, that they would not live in the property because of memories of Frances, and the contemplated purchase of a vacant lot and building of a new house upon returning from Ethiopia. Evidence supporting the judgment of the trial court is that Ford was living in the property at the time of his marriage and did live there with Helen for the short time prior to leaving for Ethiopia and intended to return there, and both parties before and after the marriage referred to the property as "our home." We regard the contemplation of a new home as not being inconsistent with continuance of an existing homestead.

 Selection of homestead determined by spoken declarations, ownership, possession and occupancy will impress land with the character of a homestead. Williams v. Watkins, 93 Okl. 112, 219 P. 643.

Whether a homestead has been abandoned is a question of fact, ascertainable from the circumstances surrounding the particular transaction, and such abandonment must be established by clear and convincing evidence. Bradley v. Flowers, 174 Okl. 554, 49 P.2d 803.

We have examined the record and are of the opinion that the trial court's judgment to the effect that said property was the homestead of Ford and Helen was not against the clear weight of the evidence and should be sustained. Massey v. Priddy, Okl., 301 P.2d 684.

In the present case the effect of the probate homestead vested in Helen is to be determined by the status of the parties as it existed at the time of the death of Ford. Both plaintiffs in error were then adults and as such would have no right of homestead in the property. Manning v. Dosher, 167 Okl. 368, 29 P.2d 966. Under the provisions of 58 O.S.Supp.1953, § 311, Helen, as the surviving wife, has a right to occupy and live on the whole homestead during her life, or until her voluntary abandonment, and this right is superior to the rights of plaintiffs in error, adult children of the deceased, as owners of an interest in the property. Bowers v. Gardner, supra.

Judgment affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WELCH, J., concurs in result.