Beuna **DAVIS, Flossie Ruth Weston, Raymond Kingham, Clara Belle Parsons, Dale Leo Kingham, Donna V. Luthy, Lee Kingham, Emma Windnagle and Iris Fern Montgomery, Plaintiffs–Appellees,**

v.

**Gary M. GRAY, Defendant–Appellant,**

**John L. Bedwell, Brumark Corporation, a Delaware corporation, Richard M. Byrne, CSM, Inc., an Oklahoma corporation, Cheniere Petroleum Corporation, a Delaware corporation, El Paso Natural Gas Company, a Delaware corporation, Exxon Corporation, a New Jersey corporation, Federal Deposit Insurance Corporation, a District of Columbia corporation, Imperial Lease Fund, Ltd., a California corporation, JWF Energy Partners 1984, Ltd., a Texas limited partnership, JWF Energy Partners 1985, Ltd., a Texas limited partnership, KWB, Inc., an Oklahoma corporation, Darrell M. Lafitte, Ann A. Linn, James P. Linn,**

22. Transcript of Closing Arguments and Ruling, September 4, 1987 at 47.

Matador Petroleum Corporation, a Texas corporation, Meridian Oil Production, Inc., a Delaware corporation, Mesa Operating Limited Partnership, a Delaware limited partnership, Walter P. Oliver, Dr. John Owens, Laura M. Parmele, Robert L. Parmele, also known as Robert L. Parmele, Jr., J. Reginald Pierson, Jr., also known as J.R. Pierson, Jr., James W. Ragland, Samson Resources Company, an Oklahoma corporation, Steinberg Associates, Ltd.,—1979 Oil & Gas Program, a California corporation, Bruce Steinberg, Turbo Explorations, Inc., a Delaware corporation, and Petroleum, Inc., a Kansas corporation, Defendants,

and

Meridian Investments, Inc., Defendant–Intervenor.

No. 77123.

Supreme Court of Oklahoma.

June 1, 1994.

---

## ORDER

HODGES, Chief Justice.

This appeal is dismissed because (1) it is sought to be prosecuted from a judgment by default [1] which is unappealable [2] since it was not expressly advanced for review by the trial judge,[3] and (2) the parties failed to respond to this court's April 21, 1994 order directing them to show cause why the appeal should not be dismissed by virtue of 12 O.S. 1991 § 1006(A).

The judgment by default, now tendered for review, disposes of the plaintiffs' claim against *only one of the thirty defendants* in this action. When multiple parties or multiple claims are pressed in a single

1. The procedural posture of this case *differs* from that in *Central Plastics Co. v. Barton Industries, Inc.*, Okl., 818 P.2d 900 (1991). There we held that *orders in postjudgment vacation proceedings* do not fall within the purview of 12 O.S.1991 § 1006.

2. *Patmon v. Block*, Okl., 851 P.2d 539, 542–43 (1993), holds that the appellate procedure in effect when the appealable event takes place governs the appeal. Because 12 O.S.1991 § 1006(A) was in force on January 22, 1991 when the decision sought to be reviewed in this cause was entered, its terms control this appeal.

3. The pertinent terms of 12 O.S.1991 § 1006(A), eff. Jan. 1, 1991, were:

"When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the preparation

and filing of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the filing of judgment. In the absence of such determination and direction, *any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties,* and the order or other form of decision is subject to revision at any time before judgment adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk." [Emphasis added.]

By amendments enacted in *1993*, Okl.Sess.Laws, 1993, Ch. 351, § 23, § 1006 was recodified as 12 O.S.1993 § 994. The *1993* version does not affect today's analysis; it was not in force when this appeal was filed.

action, the *advancement*[4] of a decision for an immediate appeal is controlled by 12 O.S. 1991 § 1006(A).[5] A decision disposing of *less than all the parties and all the claims is unappealable* when the § 1006(A) requirement[6] is not met.

The provisions of § 1006(A) [then in effect] require that a *final decision* regarding *one but not all of the parties* can be advanced for immediate appeal *only* by the trial judge's *express determination,* included in the journal entry, that there is no reason for delay, coupled with an *express direction* for the filing of "*judgment.*" The decision from which Gray seeks to prosecute this appeal does not contain the requisite expressions.

The law views the tendered judgment by default as *unappealable sans certification.* The *nisi prius* disposition does not terminate this multi-party case. The trial court's decision remains subject to change before judgment settling the rights and liabilities of *all* the parties is pronounced.[7] Because the instant judgment by default *was not advanced in conformity to 12 O.S.1991 § 1006(A),* Cause No. 77,123 stands dismissed.

All Justices concur.·

---

4.  *See Sears, Roebuck, and Co. v. Mackey,* 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). In *Mackey,* where the Court discusses FED.R.CIV.P. 54(b), the prototype for our 12 O.S.1991 § 1006, it likens the district court's role under that rule to a "dispatcher" who must decide the appropriate time when "each 'final decision' upon one or more but less than all of the claims in a multiple claims action is ready for appeal." *Id.,* 351 U.S. at 434, 76 S.Ct. at 899. *See also, Spiegel v. Trustees of Tufts College,* 843 F.2d 38, 42–44 (1st Cir.1988), for analysis of how Rule 54(b) is to be used to avoid piecemeal appeals in cases which should be reviewed only as a single forensic unit.

5.  For the pertinent terms of § 1006, *see supra,* note 2.

6.  In *multi-party, multi-claim litigation* the terms of § 1006(A) afford the trial judge the discretion to direct the entry of judgment regarding *one or more but fewer than all of the claims or parties* and to *advance* that judgment for appeal *by certification.* For a clearer understanding of § 1006,

federal *Rule 54(b)* jurisprudence is instructive, if not indeed binding, since § 1006 had its genesis in FED.R.CIV.P. 54(b). Federal cases that apply Rule 54(b) have held that in multi-party litigation, default judgment against less than all of the parties is unappealable *absent certification for appellate advancement. Bache & Co., Inc. v. Taylor,* 458 F.2d 395, 395 (5th Cir.1972); *Pang–Tsu Mow v. Republic of China,* 201 F.2d 195, 199–200 (D.C.Cir.1952). Where under Rule 54(b) a decision or order is *unappealable,* it merges into the final judgment and becomes *open for review* on appeal from the final decision. *Spann v. Colonial Village, Inc.,* 899 F.2d 24, 31 (D.C.Cir. 1990); *Anderson v. Deere & Co.,* 852 F.2d 1244, 1246 (10th Cir.1988); *Monarch Asph. Sales Co. v. Wilshire Oil Co. of Texas,* 511 F.2d 1073, 1077 (10th Cir.1975); *St. Mary's Health Ctr. of Jefferson City v. Bowen,* 821 F.2d 493, 497 (8th Cir. 1987); *Aaro v. Daewoo Intern. (America) Corp.,* 755 F.2d 1398, 1400 (11th Cir.1985). *See also,* C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3914.28 (1991).

7.  *See* 12 O.S.1991 § 1006(A), *supra* note 2.