Crawford James BROWN, Beverly Brown, Harry Edison Brown, Gayley Soy Brown, also known as Gailey Ivy Brown and Gayley A. Brown, and Ivy M. Brown, individually, and Ivy M. Brown as Trustee for Crawford James Brown, Beverly Brown, Harry Edison Brown, and Gayley Soy Brown, also known as Gailey Ivy Brown and Gayley A. Brown, under the Last Will and Testament of Harry C. Brown, Deceased, Plaintiffs in Error,

v.

Flora B. GREEVER, also known as Flora B. Denton, Defendant in Error.

No. 40029.

Supreme Court of Oklahoma.

March 5, 1963.

Elliott, Woodard & Meister, by Mark G. Meister, Oklahoma City, for plaintiffs in error.

Stevenson, Huser & Huser, by Alfred Stevenson, Holdenville, for defendant in error.

HALLEY, Vice Chief Justice.

Flora B. Greever, plaintiff below, commenced this suit to quiet title to an undivided $\frac{1}{8}$ mineral interest in 840 acres of land located in Hughes County, Oklahoma. The evidence in the case consists of the testimony of one witness, Pearl Young Showalter, and several documents.

The documentary evidence was principally deeds. The witness testified that her husband, G. W. Showalter, and three other men bought the 840 acres in 1925. The understanding was that each would own an undivided $\frac{1}{4}$ interest. The record title was first put in plaintiff's husband's name. He then deeded $\frac{1}{4}$ interest to Showalter, $\frac{1}{4}$ interest to Harry C. Brown and $^{249}\!/_{1000}$ interest to one Deibel. This left $^{251}\!/_{1000}$ interest in Mr. Greever. The witness testified that through the years, although the record title was shifted back and forth between the men, they treated all income and expense of the property in these proportions. At all times material to this suit, the plaintiff alleged and the witness testified that the equitable title to the 840 acres, both surface and minerals, has remained in these proportions.

At the time this suit was begun, the record title as between Greever and Brown was in these same proportions, except for the mineral interest. Plaintiff has succeeded to the Greever interest because of a quit claim deed which Greever gave to plaintiff during his lifetime. The defendants, Crawford James Brown, Beverly Brown, Harry Edison Brown, Gayley Soy Brown, also known as Gailey Ivy Brown and Gayley A. Brown, and Ivy M. Brown, individually, and Ivy M. Brown as Trustee for Crawford James Brown, Beverly Brown, Harry Edison Brown, and Gayley Soy Brown, also known as Gailey Ivy Brown and Gayley A. Brown, under the Last Will and Testament of Harry C. Brown, Deceased, succeeded to Brown's interest. Parties will be referred to as they appeared in the trial court.

The deeds covering the 840 acres, other than those already mentioned, which are important to the decision of this case, are:

(1) Quit claim deed dated March 21, 1927, granting all Greever's right, title and interest to Brown.

(2) Quit claim deed dated April 1, 1927, granting an undivided $\frac{1}{4}$ interest from Brown to Greever.

(3) Mineral deed dated May 22, 1937, granting an undivided $\frac{1}{8}$ mineral interest from Brown to I. M. Brown, his wife.

(4) Quit claim deed dated June 22, 1939, granting all of Harry C. Brown's right, title and interest to Greever.

(5) Quit claim deed dated March 31, 1942, granting an undivided $\frac{1}{4}$ interest from Greever to I. M. Brown and Harry C. Brown.

Following these deeds, the record title to Greever and the Browns was as follows:

Greever, an undivided $^{251}\!/_{1000}$ interest in the surface and an undivided $^{126}\!/_{1000}$ interest in the minerals.

I. M. Brown, an undivided $\frac{1254}{1000}$ interest in the minerals.

I. M. Brown and Harry C. Brown, an undivided $\frac{1}{4}$ interest in the surface and an undivided $\frac{1}{4}$ interest in the minerals.

Other evidence was that on October 27, 1943, Harry C. Brown wrote a letter to a corporation concerning giving an oil and gas lease on 160 acres of the 840 acres involved. He stated in the letter that ownership of the mineral interest in the 160 acres was 40.16 acres in Greever and 40 acres in I. M. Brown and Harry C. Brown. This is $\frac{251}{1000}$ interest in Greever and $\frac{1}{4}$ interest in the Browns.

On October 29, 1943, an oil and gas lease was given by the owners of that 160 acres to the corporation. The lease was signed by I. M. Brown and Harry C. Brown and their signatures acknowledged before a notary public. One paragraph of the lease recited in part:

"* * * It is agreed between the parties hereto that the minerals in said land is owned as follows: Harry C. Brown and Ivy M. Brown (sometimes known as I. M. Brown) an undivided 40 acres of said minerals; George W. Greever an undivided 40.16 acres of said minerals; Ann C. Tilden an undivided 39.84 acres of said minerals; Pearl A. Showalter, sole devisee of G. W. Showalter, deceased, an undivided 40 acres of said minerals; that all rentals and royalties payable under the terms of said lease shall be paid accordingly."

Based on this evidence, the trial court rendered judgment for plaintiff quieting title against the defendants. Defendants' motion for new trial was overruled and they appeal.

Defendants present their argument under four propositions. All of them are that plaintiff had the burden of proving a constructive trust by clear and convincing evidence, and that the trial court erred in finding that it was so proved. Defendants cite many cases for this rule concerning the burden of proof and quantity of evidence needed. The plaintiff agrees with the rule. She says she presented sufficient evidence.

Although Ivy M. Brown was a party defendant, she did not become a witness. She did not dispute the plaintiff's parol evidence that the four men treated the property as belonging to them $\frac{1}{4}$ each. She did not explain why she signed a lease wherein it was set out that she and her husband owned only a $\frac{1}{4}$ interest in the minerals in 160 of the 840 acres involved. Defendants presented no parol evidence.

■ The deeds standing alone would be prima facie evidence that plaintiff owned only an undivided $\frac{1254}{1000}$ mineral interest in the 840 acres. The other evidence, however, overcomes this prima facie evidence. The evidence clearly shows that whatever interest Ivy M. Brown and Harry C. Brown acquired in excess of an undivided $\frac{1}{4}$ interest in the minerals was as a constructive trust for Greever.

■ The applicable rules are found in the syllabus of Johnson v. Rowe, 185 Okl. 60, 89 P.2d 955:

"1. A constructive trust may be established by parol evidence, but the law, for the safety of titles, requires that the proof should be of the most satisfactory and trustworthy kind. The onus of establishing a constructive trust lies upon him who seeks its enforcement, and before a court of equity would be warranted in making a decree therefor, the evidence must be clear, unequivocal and decisive.

"2. In cases of equitable cognizance the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it appears that such findings and judgment are against the clear weight of the evidence.

"3. The findings of a district court in an equity case will not be disturbed on appeal simply because there is a conflict in the testimony, or for the rea-

son that it is possible to draw another conclusion from the evidence."

We have weighed the evidence and find that the judgment is not clearly against the weight thereof.

Affirmed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS and JACKSON, JJ., concur.