Haywood LITTLEFIELD, W. G. Littlefield, Ruth Yomkin, Gwendale Frayar and Art Keton Littlefield, Plaintiffs-in-Error,

v.

Mae Leda ROBERTS and Russell Littlefield, Defendants-in-Error.

No. 41711.

Supreme Court of Oklahoma.

Dec. 17, 1968.

Rehearing Denied Jan. 14, 1969.

Johnson & Fisher, by Ted R. Fisher, Tulsa, Oden & Oden, Altus, for plaintiffs in error.

Hal L. Grider, Altus, for defendants in error.

IRWIN, Vice Chief Justice:

In September, 1959, Willie E. Phillips conveyed her 50 acre farm to herself and her daughter, Mae Leda Roberts, as joint tenants and not as tenants in common with full rights of survivorship. This deed was filed for record by Willie E. Phillips on the day of its execution with instructions that it be mailed, after filing, to Mae Leda Roberts.

In March, 1963, Willie E. Phillips, herein referred to as decedent, died testate and under the terms of her will, the same farm was devised and bequeathed to her children (including Mae Leda Roberts) and her grandchildren. In the paragraph devising and bequeathing this farm, testatrix used this language: "Although the deed to my farm is made in joint tenancy with my daughter, Mae Leda Roberts, said deed was drawn for convenience, and it is my will that said property be divided equally to my said children and grandchildren * * *, regardless of said joint tenancy and warranty deed." Decedent's will was executed in December, 1962.

Mae Leda Roberts was executrix of the estate of decedent and listed the farm as assets of the estate. In her final account, defendant alleged that the farm was included in the estate for estate purposes but that title to the property vested in her as the surviving joint tenant and that the probate court should enter its order that she was the owner of said farm.

The children and grandchildren of decedent (the devisees under her will and herein referred to as plaintiffs) commenced this action against Mae Leda Roberts and Russell Littlefield to impose a resulting trust on the farm on the theory that Mae Leda Roberts held legal title to the farm in trust for the benefit of decedent's estate and the devisees under her will. Defendant in error, Russell Littlefield, was made a party defendant, but since he did not actively participate in this appeal, our reference to defendants in error as defendant, will include only Mae Leda Roberts.

The trial court made findings of fact and conclusions of law and adjudged that defendant, Mae Leda Roberts, as the surviving joint tenant, was the sole and exclusive owner of the farm. This appeal was perfected from the order overruling plaintiffs' motion for a new trial.

Plaintiffs first specification of error concerns defendant's failure to file a verified answer. Plaintiffs contend that defendant's unverified answer made no issue of fact alleged by them as to the appointment of authority made by decedent to defendant to take and hold the legal title to the farm for the convenience of decedent, her heirs and devisees. Plaintiffs argue that under Title 12 O.S.1961, § 286, any appointment of authority shall be taken as true unless the denial of such authority be verified.

In Nicholson v. McGuire, Okl., 434 P.2d 887, we held:

"As to matters contemplated by 12 O. S.1961, § 286, if the plaintiff fails to make objection to an unverified answer before proceeding to trial, either by motion to strike or in some other proper manner, he is deemed to have waived any objection to the plea on the ground of failure to verify same. The failure to verify can only be taken advantage of by a specific motion or other timely objection in the trial court and cannot be presented for the first time in the Supreme Court."

See also Krieger v. Marshall, Okl., 292 P.2d 379.

In the instant action plaintiffs failed to challenge or make objections to defendant's failure to verify her answer and proceeded to trial. Under these circumstances plaintiffs are deemed to have waived any objections to the answer on the ground that the same was unverified.

Plaintiffs next contend that the separate findings of fact and conclusions of law made by the trial court were not responsive to the material issues made by the pleadings and proof in support thereof as required by Title 12 O.S.1961, Sec. 611. If the court makes findings of fact and conclusions of law on the vital issues sufficient to serve as a basis for the judgment rendered, a contention that the court refused to make adequate findings of fact and conclusions of law is without merit. Thomas v. Owens, 206 Okl. 50, 241 P.2d 1114, 1118; Loflin v. Capps, Okl., 327 P.2d 443. We hold the trial court's findings and conclusions are adequate.

Plaintiffs challenge the sufficiency of the evidence to sustain the judgment. Plaintiffs argue that the clear weight of the evidence shows that decedent intended by her joint tenancy deed to place legal title in defendant for the convenience of decedent for her use and benefit during her lifetime, and that decedent intended to retain the full beneficial interest in the property for her own use and for her estate upon her death; that equity and justice require that this Court decree that the legal title to the property was held in trust by operation of law by defendant; that a clear confidential relationship existed between decedent and defendant and defendant assisted decedent in the transaction of her business affairs; that the terms of the will disclose that said deed was one of convenience only; and that defendant's actions since the death of decedent estops her from asserting that the property was not held in trust by her.

Plaintiffs sought to prove that decedent was a diabetic and in extremely poor physical condition prior to and at the time the joint tenancy deed was executed and delivered in September, 1959, and that a close confidential relationship existed between decedent and defendant.

The record disclosed that decedent was a diabetic but it does not disclose that such illness incapacitated decedent. Decedent lived with her husband until her husband died in 1960. Decedent transacted her own business. Decedent did not become disabled until July, 1960, when she sustained a fall and broke her hip. It was after decedent sustained this injury that defendant and decedent started living together and defendant began taking care of decedent. Although defendant may have been more prone to give assistance to decedent than did the decedent's other children, plaintiffs simply failed to prove that prior to and at the time of the execution and delivery of the joint tenancy warranty deed that decedent depended upon defendant to

assist her in transacting her business affairs; or that decedent was incapable of transacting her business affairs; or that a close confidential relationship existed between decedent and defendant.

In considering the language of the will wherein it provided that the joint tenancy warranty deed was drawn for convenience and the farm should be divided equally between decedent's children and grandchildren, regardless of the joint tenancy warranty deed, such language must be considered in connection with the force and effect of a joint tenancy warranty deed and the circumstances surrounding its execution.

Decedent's will was executed more than three years after the joint tenancy warranty deed was executed and delivered in September, 1959. The joint tenancy deed recited that it was in consideration of love and affection and other valuable consideration, and the grant was to decedent and defendant "as joint tenants and not as tenants in common with full rights of survivorship". This deed contained no qualifications whatsoever.

A sister of decedent testified that she had a close personal relationship with decedent; that she had discussed with decedent what decedent was going to do with the farm and that decedent told her she was going to deed the farm to defendant before the deed was executed; and that decedent told her later that she had deeded the farm and she wanted defendant "to get it and have it take care and raise that baby, she needed it." On cross examination, counsel for plaintiffs referred to this deed as a deed of convenience and this witness responded, "Only for the convenience of her (defendant) and this child".

A neighbor of decedent said that he had discussed the farm with decedent and decedent was talking about defendant having so much to do and that she had deeded the farm to defendant "to take care of her and the little girl, and send her to school."

Russell Littlefield, defendant in error and son of decedent, testified that he was in the service in Germany in 1959 and that he knew the farm had been conveyed by his mother; that in 1961 or 1962, defendant's son got into some trouble and that decedent was talking about it and said that she had deeded the farm to defendant and was afraid that if something happened to her (decedent and defendant) that the boy would get wild and beat his sister out of the farm.

In Shackelton v. Sherrard, Okl., 385 P.2d 898, we said that a joint tenancy may be severed by a joint tenant but that a severance can occur only during the lifetime of the tenant who would sever since at the instant of his death the title inures to the surviving tenant or tenants.

Plaintiffs do not contend that the language of the will operated as a severance of the joint tenancy during the lifetime of the decedent, but contend that when this language is considered in connection with the execution and delivery of the joint tenancy deed and defendant's actions after the death of decedent which allegedly estopped defendant from asserting that she did not hold the property in trust, the cumulative evidence conclusively establishes that said deed was one of convenience only and that defendant held the property in trust.

■ Decedent's referring to the joint tenancy deed as a deed of convenience in her will constitutes evidence that decedent may have changed her mind as to who should have the property upon her death, but the will did not operate as a severance of the joint tenancy.

The evidence with reference to estoppel discloses that defendant in her capacity as executrix of decedent's estate, listed the property as part of the estate and used estate money to pay the taxes. Decedent's attorney prepared the deed, prepared decedent's will and was the attorney probating the estate. According to the testimony of defendant, after decedent died she considered this farm her property and made every effort to get the attorney to straighten this matter out but he informed her that

the provisions of the will prevailed over the deed; that someone from the Welfare Department and an oil company reaffirmed her position and she discharged the original attorney; and that thereafter she employed another attorney who filed the petition to determine heirs and distribute the estate and to have the probate court declare that property was not part of the estate, but her sole property as the surviving joint tenant.

In St. Louis & S. F. R. Co. v. Mann, 79 Okl. 160, 192 P. 231, we held that an estoppel cannot be set up against a party ignorant of the state of affairs, or whose conduct was based on a pure mistake. In Fipps v. Stidham, 174 Okl. 473, 50 P.2d 680, we held that a party who pleads an estoppel must be one who, in good faith, has been misled to his injury and it may not be used as an instrument of fraud, but only to prevent injustice.

■ Defendant relied upon the advice of the attorney that the provisions of the will prevailed over the joint tenancy warranty deed. The attorney prepared the instruments filed in the probate proceedings and defendant executed such instruments as executrix. Including the farm as an asset of decedent's estate that would be distributed under the terms of the will was a mistake, and to hold that defendant is estopped by her actions would be unjustly depriving defendant of property she was entitled to under the facts and applicable law herein presented. We can only conclude that plaintiffs may not invoke the theory of estoppel against defendant.

■ Resulting trusts are those which arise where the legal estate in property is disposed of or acquired, not fraudulently or in violation of any fiduciary duty, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such a case, a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the real owner. Barry v. Frizzell, Okl., 371 P.2d 460.

■ A resulting trust may be established by parol evidence, but the law requires that the proof necessary to establish it should be of the most satisfactory kind. The onus of establishing a resulting trust rests upon him who seeks its enforcement, and before a court of equity will be warranted in making a decree therefor the evidence must be clear, unequivocal and decisive. Buxbaum v. Priddy, Okl., 312 P.2d 961.

■ In cases of equitable cognizance the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it appears that such findings and judgment are clearly against the weight of the evidence. The findings of a district court in a case of equitable cognizance will not be disturbed on appeal simply because there is a conflict in the testimony, or for the reason that it is possible to draw another conclusion from the evidence. Brown v. Greever, Okl., 379 P.2d 689.

Judgment affirmed.

All the justices concur.