**In re Thelma L. McKINNEY–JONES, Debtor.**

**Bankruptcy No. 97–10445–BH.**

United States Bankruptcy Court, W.D. Oklahoma.

April 6, 1998.

Kelsey L. McNaught, McNaught Law Office, Oklahoma City, OK, for movant.

Leslie E. Lenz, Roger M. Coil, Works & Lenz, Inc., Oklahoma City, OK, for respondent.

### *MEMORANDUM OF DECISION AND ORDER DENYING DEBTOR'S MOTION TO AVOID A JUDICIAL LIEN*

RICHARD L. BOHANON, Bankruptcy Judge.

The debtor has moved to avoid the fixing of a judicial lien on her homestead under 11 U.S.C. § 522(f)(1)(A) which provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is (A) a judicial lien..." The first question is whether or not the lien attaches to the debtor's homestead and the answer turns on a recent amendment to the Oklahoma statutes.

 Oklahoma has opted-out of the federal exemption scheme, *see* 31 O.S. § 1 subd. A, par. 21, subd. B., and the homestead is protected from forced sale by both the Oklahoma Constitution, Art. XII, § 2, and by 31 O.S. § 1(A)(1).[1]

Prior to filing her bankruptcy petition the debtor was sued by the respondent, Emergency Medical Services Authority, in State Court and it obtained a judgment which was properly perfected as a judgment lien attaching to the debtor's real property.

It has been long settled in Oklahoma, however, that judgment liens do not attach to a debtor's homestead. *See Gerlach Bank v.*

---

1. In pertinent part the Oklahoma Constitution, Art XII, § 2 provides that "[t]he homestead of the family, shall be and is hereby protected from forced sale for the payment of debts..." and 31 O.S. § 1(A)(1) provides an exemption from forced sale for "[t]he home of such person, provided that such home is the principal residence of such person."

*Allen,* 51 Okl. 736, 152 P. 399 (1915) which quotes *Gray v. Deal,* 50 Okl. 89, 151 P. 205 (1915) saying that "it follows, from a liberal, if not a literal, construction of the homestead exemption, that [a judgment lien] cannot attach to the homestead at all." *And see In re Cochran,* 204 B.R. 577 (Bankr.W.D.Okla. 1997) where Judge Paul B. Lindsey of this court thoroughly analyzes Oklahoma law on the subject as in effect prior to November, 1997.

Effective November 1, 1997, however, Oklahoma made a significant modification to the statutory law pertaining to judgment liens. Section 706 of Title 12 of the Oklahoma Statutes now provides a comprehensive procedure for creation and perfection of judgment liens. Section 706(B)(2) was amended to now provide:

> A lien created pursuant to this section shall affect and attach to all real property, including the homestead, of judgment debtors whose names appear in the Statement of Judgment; however, judgment liens on a homestead are exempt from forced sale pursuant to Section 1 of Title 31 of the Oklahoma Statutes and Section 2 of Article XII of the Oklahoma Constitution.

The debtor does not dispute that this amendment to section 706 applies in this case.

 It is thus plain that the amendment overturns the prior case law and now judgment liens do attach to the debtor's homestead upon being properly perfected, but the property is exempt from forced sale so long as it remains homestead. The obvious effect of this addition to the statute is that once the property is no longer the debtor's homestead the lien then becomes enforceable.

In this case, therefore, the only issue remaining is whether or not the lien is avoidable under section 522(f)(1)(A) of the Bankruptcy Code. The debtor argues it is for she contends it "impairs" her exemption. The answer then turns on the nature of the homestead exemption in Oklahoma and the meaning of the verb to "impair."

 In Oklahoma the reason for the homestead exemption is to provide the family a place to live. This is stated in *Wood v. Biggs,* 424 P.2d 59, 60 (Okl.1966) where the Supreme Court explains the purpose of the exemption by stating:

> Art. 12, secs. 1 and 2 of the Oklahoma Constitution, and Tit. 31 O.S.,1961 §§ 1 and 2, define the "constitutional" homestead and exempt the same from forced payment of the debts of the head of the family, or any person owning the land and residing thereon, except the holders of expressly enforceable liens. *This is an exemption granted by law for the benefit of the family occupying the property as a home.* (emphasis supplied).

The Court has also stated "that the purpose of constitutional and statutory provisions relative to homestead is to afford protection to the family and never to enable one to escape just liabilities or to perpetrate a fraud or injustice." *Glaze v. Drawver,* 189 Okla. 402, 117 P.2d 544, 546 (1941). *See also Cochran, supra* at 580 which states that "the purpose of the homestead exemption is to prevent the family home from being sold out from under the family."

The law in Oklahoma is in accord with the general statement found at 40 Am.Jur.2d, *Homestead,* § 4 which says that "the primary purpose of the homestead statutes is to place the property designated as a homestead out of reach of creditors *while it is occupied as a home.*" (emphasis supplied).

 The homestead exemption, therefore, is to provide a shelter from the elements, not a shelter from creditors. If the debtor is to prevail in avoiding the lien she must demonstrate, as a matter of fact, that the lien somehow "impairs" her exemption—which is the right to live in the home without it being sold while she occupies it. To impair means to "make less effective or weaker; devalue; damage, injure." *The New Shorter Oxford English Dictionary,* (4th ed.1993).

 Here the debtor has offered no evidence or otherwise shown any fact from which the court could find that the lien impairs her right to right to enjoy the homestead as her dwelling. She can continue to live in it unaffected by the judgment lien for

so long as she desires and during that time the creditor cannot subject it to a forced sale. The consequence of the amendment to 12 O.S. § 706(B)(2) is that when the debtor no longer uses the property for her homestead the creditor may then, and only then, execute on its lien and sell the property. This right does not impair the debtor's exemption for execution and sale can only occur when she ceases to use the property for her home and, at that time, the exemption no longer exists. Until then she is free to enjoy the homestead and to continue dwelling in it.

Accordingly, since the debtor's exemption is not impaired by the judgment lien she may not avoid it and the relief requested in her motion is denied.