**In re Michael Kevin COATS, Debtor.**

**Michael Kevin Coats, Appellant,**

v.

**Betty Ogg, Appellee.**

**BAP No. EO–98–028.**
**Bankruptcy No. 98–70529.**

United States Bankruptcy
Appellate Panel
of the Tenth Circuit.

April 15, 1999.

Jimmy L. Veith, Ardmore, Oklahoma, for Appellant.

Betty Ogg, Pro Se.

Before CLARK, PEARSON, and ROBINSON, Bankruptcy Judges.

## OPINION

ROBINSON, Bankruptcy Judge.

The debtor, Michael Kevin Coats, appeals the order of the bankruptcy court denying his motion to avoid a judicial lien pursuant to 11 U.S.C. § 522(f).[1] For the reasons set forth below, this Court reverses the bankruptcy court's order and the matter is remanded for a decision consistent with this Opinion.

### I. Background.

In February 1997, Betty Ogg obtained a judgment in the amount of $2,542.00 against Michael Kevin Coats ("the Debtor"). Betty Ogg filed a "Statement of Judgment" with the County Clerk of Pontotoc County, Oklahoma, where the Debtor's residence is located. The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on March 2, 1998. The Debtor claimed his residence as exempt property[2] in his bankruptcy schedules and there is no dispute that it is his homestead.

The Debtor filed a Motion to Avoid Judicial Lien, contending that the lien of Betty Ogg impaired his homestead exemption and should be avoided pursuant to § 522(f). Betty Ogg filed a pro se objec-

---

1. Future references are to Title 11 of the United States Code, unless noted otherwise.

2. Oklahoma permits a homestead exemption for one acre in town and 160 acres outside of town; there is no dollar limit applicable to the Debtor's homestead. Okla. Stat. Ann. tit. 31, §§ 1 and 2.

tion. Without addressing the definition of impairment set forth in § 522(f), the bankruptcy court denied the Debtor's motion, holding that there was no evidence that the lien impaired his "right to enjoy and use the homestead." This appeal followed.

## II. Appellate Jurisdiction.

This Court, with the consent of the parties, has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1). Under this standard, we have jurisdiction over this appeal. The parties have consented to this Court's jurisdiction in that they have not opted to have the appeal heard by the United States District Court for the Eastern District of Oklahoma. *Id.* at § 158(c); 10th Cir. BAP L.R. 8001–1(a) and (d). The appeal was filed timely by the Debtor, and the bankruptcy court's Order is "final" within the meaning of § 158(a)(1). *See* Fed.R.Bankr.P. 8001–8002.

## III. Standard of Review.

The Debtor does not ascribe error to the bankruptcy court's brief findings of fact. In reviewing whether the court's order denying the motion to avoid lien was correct as a matter of law, we review the case *de novo. Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). *De novo* review requires an independent determination of the issues, giving no special weight to the bankruptcy court's decision. *Salve Regina College v. Russell,* 499 U.S. 225, 238, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

## IV. Discussion.

■ This case presents the Court with the opportunity to address the split among bankruptcy courts in Oklahoma regarding the effect of the recent amendment to Oklahoma law that permits judgment liens

to attach to homesteads. Prior to November 1, 1997, Oklahoma courts consistently held that a judgment lien created pursuant to Section 706 of the Oklahoma statutes did not attach to the homestead of the judgment debtor, and could not be enforced against the same. *See Sooner Fed. Sav. & Loan Ass'n v. Mobley,* 645 P.2d 1000 (Okla.1981); *Kelough v. Neff,* 382 P.2d 135 (Okla.1963).

The Oklahoma legislature amended Section 706, effective November 1, 1997, to provide as follows:

> A lien created pursuant to this section shall affect and attach to all real property, including the homestead, of judgment debtors whose names appear in the Statement of Judgment; however, judgment liens on a homestead are exempt from forced sale pursuant to Section 1 of Title 31 of the Oklahoma Statutes and Section 2 of Article XII of the Oklahoma Constitution.

Okla. Stat. Ann. tit. 12, § 706(B)(2).

Prior to the amendment, it was not necessary for a debtor to file a motion to avoid a judgment lien on exempt homestead property pursuant to § 522(f) because, since judicial liens did not attach to a homestead, there was no lien to avoid. *See David Dorsey Distrib., Inc. v. Sanders (In re Sanders),* 39 F.3d 258, 262 (10th Cir.1994) ("[W]hen state law does not allow a lien to attach to exempt property, § 522(f) is superfluous and without application"). Under the amendment, however, judgment liens attach to homestead property, giving Oklahoma debtors in bankruptcy an incentive to avoid a judgment lien against homestead property under § 522(f). As a result, the issue becomes whether, in light of the amendment to Section 706 providing for attachment, a judicial lien upon a homestead may be avoided pursuant to § 522(f). The Debtor does not dispute that the amendment to Section 706 applies in this case.[3]

---

**3.** We note that Betty Ogg recorded her judgment in April 1997, prior to the November 1,

1997 effective date of Section 706 as amended, leading us to question whether her lien

Bankruptcy courts in Oklahoma are split on the issue. One court has held that because the amended Section 706 provides that a judgment lien cannot be foreclosed by a sale of homestead property, a debtor's homestead is not impaired by the judgment lien, and thus may not be avoided. *In re McKinney–Jones,* 219 B.R. 619 (Bankr.W.D.Okla.1998). In *McKinney–Jones,* the court focused upon the purpose the homestead exemption was designed to serve, i.e., to "shelter [a debtor] from the elements," and determined that such purpose is not undermined by the continued existence of a non-executable judgment lien. *Id.* at 621. The court reasoned that, because the debtor could not be forcibly dispossessed of her home by the judgment lien creditor, her exemption was not impaired. *Id.* In the instant case, the bankruptcy court adopted the reasoning set forth in *McKinney–Jones* in denying the Debtor's motion for lien avoidance.

The opposing view concluded that a judicial lien that attaches to a debtor's homestead pursuant to the amended Section 706 impairs the exemption within the meaning of § 522(f) and may be avoided. *See In re Richardson,* 224 B.R. 804 (Bankr. N.D.Okla.1998); *In re McMasters,* 220 B.R. 419 (Bankr.N.D.Okla.1998). In these cases, after exhaustive analysis of the issue, the bankruptcy courts held that § 522(f) preempts state exemption law in determining whether a judicial lien impairs the homestead exemption. We agree with the reasoning of these cases.

 Section 522(f)(1)(A)[4] permits a debtor to avoid a creditor's lien in exempt property if the debtor's interest in that property would be exempt but for the existence of the lien. The debtor's avoiding power under this section may be employed only to the extent that the lien impairs the debtor's exemption. Whether a judicial lien "impairs" a debtor's exemption under § 522(f) is a question of federal law. *Heape v. Citadel Bank (In re Heape),* 886 F.2d 280, 282 (10th Cir.1989).

The United States Supreme Court addressed the issue of determination of impairment in the case of *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). In *Owen,* the Supreme Court held that a judicial lien on property claimed exempt under a state law may be avoided under § 522(f), even if state law limits the circumstances under which the property may be exempt. The debtor's ex-wife obtained a judgment lien against the debtor. The judgment was properly recorded, but the debtor did not own any real property at that time. Several years later, the debtor acquired property in the county, and under the applicable Florida law, the ex-wife's judgment lien attached to that property at the time of purchase. Florida's homestead exemption statute was subsequently amended such that the debtor was able to claim the property as an exempt homestead. Under Florida law, a judicial lien that attaches to property before it qualifies as exempt property continues in the property, notwithstanding the later claim of exemption. The debtor commenced bankruptcy proceedings, claimed the real estate as exempt, and sought to avoid the judicial lien under § 522(f)(1). The ex-wife lienholder argued that the Florida homestead exemption was not assertable against pre-existing judicial liens, and thus the lien did not impair the exemption. However, the Court held that the question to consider in determining whether avoidance is possible under § 522(f) is to ask "not whether the lien

attached to the Debtor's homestead. While there is nothing in Section 706 that would lead us to believe that it was intended to apply retroactively, the issue was not raised by either party.

**4.** Section 522(f)(1)(A) provides:

Notwithstanding any waiver of exemptions, ... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(A) a judicial lien....

impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he would have been entitled but for the lien itself." *Owen,* 500 U.S. at 310–311, 111 S.Ct. 1833.[5] The Court concluded that "Florida's exclusion of certain liens from the scope of its homestead protection does not achieve a similar exclusion from the Bankruptcy Codes's lien avoidance provision." *Id.* at 313–314, 111 S.Ct. 1833.

■ *Owen* illustrates the supremacy of federal law over state law in the field of bankruptcy. Central to *Owen's* analysis is the proposition that, while federal law permits states to define what property is exempt, federal law governs the availability of lien avoidance, and preempts any state law that limits the scope of its exemptions in a way that would interfere with the "fresh start" policy served by the avoidance of certain types of liens under § 522(f). *Richardson,* 224 B.R. at 808. *See also Tower Loan v. Maddox (In re Maddox),* 15 F.3d 1347, 1351 (5th Cir. 1994); *Aetna Fin. Co. v. Leonard (In re Leonard),* 866 F.2d 335, 336 (10th Cir. 1989). Under the rationale of *Owen,* debtors may avoid liens upon property in order to avail themselves of the full benefit of the exemption, notwithstanding state law that purports to except those liens from the exemption. *Id. See also McMasters,* 220 B.R. at 423.

Despite the Supreme Court's decision in *Owen,* determination of impairment under § 522(f) remained difficult. Consequently, Congress amended § 522(f) in the Bankruptcy Reform Act of 1994 to set out a mathematical formula to determine whether a lien impairs the debtor's exemption.[6] Under this formula, liens impair an exemption to the extent that the sum of all liens on the property, including the lien under consideration, together with the value that the debtor could claim as exempt in the absence of liens on the property, exceed the value of the debtor's interest in the property if it were unencumbered. 11 U.S.C. § 522(f)(2). While the amendment appears to apply to situations where the amount or extent of the impairment is at issue, the legislative history indicates that the formula set forth in § 522(f)(2) is to be employed in circumstances such as the case at hand where a judicial lien cannot be enforced through a judicial sale.

■ The legislative history of the 1994 amendments indicates that Congress intended to overrule decisions that misinterpreted its intent as to the meaning of § 522(f). *See* Legislative History—Pub. L. No. 103–394, H.R. 5611, Floor Statements, 140 Cong. Rec. H 10,764 (daily ed. Oct. 4, 1994), *reprinted in Collier on Bankruptcy,* App. E, Pt. 9(b), 9–93–9–94 (Lawrence P. King ed., 15th ed.1998). The commentary identified several scenarios that Congress viewed as inconsistent, including where state law provides that the homestead exemption only applies if there is a pending execution. *Id.*[7] The Floor Statement states that the formula set forth in § 522(f)(2) is to be employed in circum-

---

**5.** The Tenth Circuit adopted a similar analysis in a decision issued before *Owen.* In *Aetna Finance Co. v. Leonard (In re Leonard),* 866 F.2d 335, 336–37 (10th Cir.1989), the court of appeals held that "[t]he debtor's right to claim avoidance of a lien on property under § 522(f) is determined by considering whether the property, if unencumbered, is exempted under the state statutory exemptions."

**6.** Section 522(f)(2) provides, in relevant part: (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
 (i) the lien;
 (ii) all other liens on the property; and

 (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
 exceeds the value that the debtor's interest in the property would have in the absence of any liens.

**7.** The other scenarios are 1) where the debtor's property is fully encumbered by consensual mortgages; 2) where the judicial lien the debtor seeks to avoid is only partially secured; and 3) where a judicial lien is senior to a consensual mortgage and the lien plus mortgage exceeds the value of the property. *Id.*

stances where state law exemptions contain "built in" exceptions:

> [T]he Court of Appeals, in *In re Dixon*, 885 F.2d 327 (6th Cir.1989), has ruled that the Ohio homestead exemption only applies in execution sale situations. Thus, the court ruled that the debtor's exemption was never impaired in a bankruptcy and could never be avoided, totally eliminating the right to avoid liens. This leaves the debtor in the situation where, if he or she wishes to sell the house after bankruptcy, that can be done only by paying the lienholder out of equity that should have been protected as exempt property. By focusing on the dollar amount of the exemption and defining "impaired," the amendment should correct this problem. By defining "impairment," the amendment also clarifies that a judicial lien on a property can impair an exemption even if the lien cannot be enforced through an execution sale, thereby supporting the result in *In re Henderson*, 18 F.3d 1305 (5th Cir. 1994), which permitted a debtor to avoid a lien that impaired the homestead exemption even though the lien could not be enforced through a judicial sale.

*Id.* Thus, it appears that whether a lien "impairs" an exemption may be determined in every case by applying the § 522(f)(2) formula, regardless of the state law limitations on the exemption. *Richardson*, 224 B.R. at 811.

Applying the above principles to this case, we hold that the bankruptcy court erred as a matter of law in holding the judicial lien of Betty Ogg did not impair the Debtor's exemption. Although Oklahoma exemption laws allow the Debtor to claim his homestead as exempt and protect

it from forced sale, Section 706 allows Betty Ogg's judicial lien to attach. But for the judgment and lien that attached to the homestead, the Debtor would have been entitled to exempt the homestead in its entirety. Pursuant to *Owen* and the legislative history to § 522(f), we conclude that Section 706 is pre-empted by the policy of § 522(f) that judicial liens on exempt property should be avoided to give the debtor a fresh start, notwithstanding the fact that such liens cannot be foreclosed under state law while the property remains a homestead. *Richardson*, 224 B.R. at 811.

Whether a judicial lien impairs an exemption is determined by applying the formula set forth in § 522(f)(2). It appears from the record that the Debtor's interest in the property is $105,000.00. The record indicates a mortgage against the property in the amount of $66,500.00 and Betty Ogg's judicial lien amounts to $2,542.00, for a total of $69,042.00. The exemption allowed for the Debtor is $105,000.00, yielding a total of $174,042, which exceeds the value that the Debtor would have in the homestead property in the absence of any liens. We conclude, therefore, that the judicial lien of Betty Ogg impairs the Debtor's homestead exemption and is avoidable pursuant to § 522(f).[8]

## V. Conclusion.

For the reasons stated, the order of the Bankruptcy Court is REVERSED and REMANDED with directions to enter an order granting the Debtor's motion to avoid lien.

---

8. We note that the Debtor's homestead exemption is impaired for practical reasons. In Oklahoma, proceeds from the voluntary sale of a homestead retain their exempt character so long as there is a good faith intent to reinvest those proceeds in the subsequent purchase of a homestead property. *McMasters*, 220 B.R. at 424 (citations omitted). If a debtor wishes to sell his homestead, a judicial lien remaining after discharge would require satisfaction of the judgment at the time of sale in order to clear title. Thus, the mere existence of a judicial lien impairs the homestead exemption because it constitutes a cloud on the title. As the bankruptcy court stated in *McMasters*, we are hard pressed to understand how a judgment that clouds title to homestead property does not impair its exempt status. *Id.* at 424.