2007 OK 52

**Timothy N. TOMA, Administrator of the estate of Margaret E. Meszaros, Plaintiff,**

v.

**Claire Henrietta TOMA, Matthew C. Toma, and Jill Renee Toma, f/k/a Jill Renee Eddy, Defendants,**

and

**Claire Henrietta Toma, in her capacity as settlor and trustee of the Claire Henrietta Toma Revocable Trust u/a dtd 12/30/2003, Plaintiff/Appellant,**

v.

**Timothy N. Toma, in his individual capacity and in his capacity as Ancillary Administrator of the Estate of Margaret E. Meszaros, Deceased, Defendant/Appellee.**

**No. 102,801.**

Supreme Court of Oklahoma.

June 26, 2007.

As Amended July 24, 2007.

them and I want to try to be a good—good example. . . .

**542**

Steven M. Harris, Douglas R. Haughey, Tulsa, OK, for Appellant.

Christopher J. Petersen, Oklahoma City, OK, for Appellee.

## OPINION

WATT, Justice.

¶1 In this case, we are asked to find an exception to the general rule that a lien on joint tenancy property is extinguished if the creditor fails to execute on the lien before the death of the joint tenant. The lien at issue arose pursuant to 12 O.S.2001 § 706(B)[1] which incorporates portions of the Oklahoma Constitution[2] and the Oklahoma Statutes[3] prohibiting the forced sale of homestead property for the payment of debts. We decline to find such an exception.

### FACTS AND PROCEDURAL BACKGROUND

¶2 Charles John Toma and Claire Henrietta Toma formed the Toma Family Living Trust (Family Trust) on September 3, 1987, to which they as trustees conveyed their homestead property. Defendant/Appellee Timothy N. Toma (Timothy) obtained a judgment against Charles in Ohio on October 28,

---

1. As amended in 1997, 12 O.S.2001 § 706(B) provides:

   B. Creation of Lien. A judgment to which this section applies shall be a lien on the real estate of the judgment debtor within a county only from and after a Statement of Judgment made by the judgment creditor or the judgment creditor's attorney, substantially in the form prescribed by the Administrative Director of the Courts, has been filed in the office of the county clerk in that county.

   1. Presentation of a Statement of Judgment and tender of the filing fee, shall, upon acceptance by the county clerk, constitute filing under this section.

   2. A lien created pursuant to this section shall affect and attach to all real property, **including the homestead,** of judgment debtors whose names appear in the Statement of Judgment; however, judgment liens on a homestead are exempt from forced sale pursuant to Section 1 of Title 31 of the Oklahoma Statutes and Section 2 of Article XII of the Oklahoma Constitution. [emphasis added].

2. Article XII, Section 2, Okla. Const., provides:

   The homestead of the family shall be, and is hereby protected from forced sale for the payment of debts, except for the purchase money therefor or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon; nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law; Provided, Nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein; nor prevent the sale thereof on foreclosure to satisfy any such mortgage.

3. 31 O.S. Supp.2005 § 1(A)(1) provides:

   A. Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:

   1. The home of such person, provided that such home is the principal residence of such person. . . .

2002 [4] and registered it in the Court Clerk's Office of Tulsa County as a foreign judgment on December 31, 2002, pursuant to the requirements of 12 O.S.2001 § 721.[5] He recorded the judgment in the County Clerk's Office of Tulsa County on January 8, 2003, pursuant to the requirements of 12 O.S.2001 § 706(B). On October 31, 2003, Charles and Claire as trustees conveyed the property from the Family Trust to themselves as joint tenants with rights of survivorship. On November 26, 2003, Charles died. Claire filed an Affidavit of Surviving Joint Tenant in the County Clerk's Office on December 31, 2003. On the same day, Claire conveyed the property to the Claire Henrietta Toma Revocable Trust, u/a dated 12/30/03 (Claire's Trust).

¶ 3 Timothy attempted to execute on his lien for the first time after Charles' death.[6] Claire filed this action for a declaratory judgment, seeking a determination that the judgment lien was extinguished because Charles' joint tenancy interest, to which the lien attached, ceased to exist when Charles died. The trial court granted summary judgment in Timothy's favor. The court held that Timothy still possessed a valid judgment lien on the property held by Claire although he never attempted to execute on it.

¶ 4 Claire appealed the trial court's judgment pursuant to the accelerated procedure for summary judgment appeals. See Supreme Court Rule 1.36, 12 O.S. Supp.2003, Ch. 15, App. 1. Timothy argued on appeal and now argues on certiorari that he was prohibited by Oklahoma law [7] from executing on his judgment lien against Charles' interest because the property to which his lien attached was homestead property. It appears to be undisputed that Claire and Charles used the property at all times as their homestead whether it was owned by the Family Trust or by Charles and Claire as joint tenants.

¶ 5 The Court of Civil Appeals (COCA) reversed the trial court's judgment. COCA considered the general rule relating to the common law rule of "joint tenancy" and stated:

> The facts are undisputed and the issue is therefore one of law: whether the general rule, *that executing on a lien severs a joint tenancy, while a lien on joint tenancy property is extinguished if the creditor fails to execute on the lien before the death of the debtor joint tenant,* applies where execution is barred by law, as in the case of homestead property. [emphasis added].

¶ 6 Citing *Ladd v. State of Oklahoma ex rel., Oklahoma Tax Commission,* 1984 OK 60, 688 P.2d 59, COCA held Timothy presented no authority for taking this case out of the general rule relating to liens on joint tenancy property and that his lien was extinguished. We previously granted Timothy's petition for certiorari.

---

4.  The judgment was filed in the Ohio probate case of *Timothy N. Toma v. Charles Toma,* et al., Case No.1999 ADV 0017285, In the Court of Common Pleas, Division of Probate, Cuyahoga County, Ohio.

5.  12 O.S.2001 § 721 (now amended) provided:

    A copy of any foreign judgment authenticated in accordance with the applicable Act of Congress or of the statutes of this state may be filed in the office of the court clerk of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the district court of any county of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a district court of this state and may be enforced or satisfied in like manner. Provided, however, that no such filed foreign judgment shall be a lien on real estate of the judgment debtor until

    *a certified copy of the judgment so filed is also filed in the office of the county clerk in the county where the real estate is located.* [emphasis added].

    In 2004, the statute was amended. The above highlighted portion was changed to the following: "the judgment creditor complies with the requirements of subsection B of Section 706 of this title."

6.  The action on the lien was filed in case number CJ–2003–4681 in Tulsa County. That action was consolidated with the present case seeking a declaratory judgment which is the subject of this opinion, case number CJ–2004–7989. The summary judgment entered in the present case was a partial judgment, but the trial court found there was no just reason for delay in entering judgment as to fewer than all claims and parties and ordered the filing of the judgment, pursuant to 12 O.S.2001 § 994.

7.  See citations in notes 2 and 3, *supra.*

## CONTENTIONS

■ ¶ 7 In his petition for certiorari, Timothy argues the dispositive issue has been stated incorrectly as whether attachment of the lien itself constitutes severance, or whether he took the necessary steps to accomplish such a severance. Instead, he contends the true problem before the Court is the still unreconciled conflict between the requirement that such a severance be accomplished and the legal prohibitions that forbid an execution and forced sale of homestead property. We find the overriding issue is whether a § 706 judgment lien properly filed against a judgment debtor's homestead can survive a deceased joint tenant/judgment debtor's interest in his homestead.

¶ 8 Timothy acknowledges a judgment lien on homestead property cannot be enforced "while homestead protections are in effect." However, in support of his argument that the lien remains viable, he contends the 1997 amendment of § 706 providing for attachment of liens to homestead property is intended to place an effective encumbrance on property and to provide security to judgment creditors which did not previously exist. He argues that because a § 706 lien now attaches to the homestead, the amendment protects legitimate judgment creditors by remaining an encumbrance on the property. Thus he argues amended § 706 requires judgment liens, once they have attached to the homestead, to be satisfied to give clear title. He contends this is accomplished without depriving a judgment debtor of traditional homestead protections while the property is used as his homestead.

¶ 9 Claire contends COCA correctly found Charles' joint tenancy interest in the homestead property was extinguished at the time of his death because Timothy made no attempt to execute on the judgment and thus sever the joint tenancy.

¶ 10 Timothy takes issue with COCA's determination that a sale is required in Oklahoma to sever a joint tenancy. As authority, COCA cited 60 O.S.2001 § 74 which pertains to the creation and severance of joint tenancy and tenancy by the entirety estates. It provides in part:

[T]he provisions of this act shall apply to all estates in joint tenancy or tenancy by entirety in either real or personal property heretofore or hereafter created.

Nothing herein contained shall prevent execution, levy and sale of the interest of the judgment debtor in such estates and **such sale shall constitute a severance.** [emphasis added].

## JOINT TENANCY PROPERTY AND THE COMMON LAW

■ ¶ 11 The principal characteristic of joint tenancy property is the right of survivorship in the joint tenants. *Casey v. Casey,* 2005 OK 13, ¶ 8, 109 P.3d 345, 348, citing *Estate of MacFarline,* 2000 OK 87, ¶¶ 16–17, n. 5, 14 P.3d 551, 558. Unity of time, title, interest, and possession are requisites for creation of a joint tenancy. *Clovis v. Clovis,* 1969 OK 170, 460 P.2d 878. A joint tenancy creates a present estate which, absent severance during the life of the joint tenants, assures the surviving tenant absolute ownership of the whole subject matter of the joint tenancy. *Id.,* at 882. Joint tenancy property passes by operation of law to the surviving joint tenants at the instant of the joint tenant's death. *Casey v. Casey,* 2005 OK 13, ¶ 8, 109 P.3d 345, 348, citing *Bleakley v. Bowlby,* 1976 OK 158, 557 P.2d 894, 897; *Littlefield v. Roberts,* 1968 OK 180, 448 P.2d 851, 855. It does not become part of the deceased joint tenant's estate. See *Casey v. Casey,* 2005 OK 13, 109 P.3d 345, citing *In re Estate of MacFarline,* 2000 OK 87, ¶ 16, 14 P.3d 551, 558. The title of the deceased joint tenant "terminates and vests *eo instanti* (i.e.immediately) in the survivor. Because joint tenants are seized of the whole while alive, the survivor's interest is simply a continuation, or extension, of his/her existing interest." *In re Estate of MacFarline,* 2000 OK 87, ¶ 16, n. 5, 14 P.3d 551, 558, citing *Clovis v. Clovis,* 1969 OK 170, 460 P.2d 878, 881.

¶ 12 We note the above cited statute, 60 O.S.2001 § 74, pertaining to the creation and severance of joint tenancies, was enacted in 1945 and did not include the term "survivorship." This Court held in *Raney v. Diehl,* 1971 OK 28, 482 P.2d 585, that "joint tenan-

cy" had a well-defined meaning at common law which included the distinguishing characteristic of "survivorship." We held that "[s]ince the legislature neither defined the term nor used language indicating contrary intent, it was to be presumed the term was used in the technical **common law sense.**" *Raney v. Diehl,* 1971 OK 28, ¶ 15, 482 P.2d 585, 590 [emphasis added] [citation omitted].

¶ 13 The common law, as modified by constitutional and statutory law, judicial decisions and the conditions and wants of the people, remains in force in aid of the general statutes in Oklahoma. See 12 O.S.2001 § 2.[8] See gen., *U.S. Mortgage v. Laubach,* 2003 OK 67, 73 P.3d 887, in which this Court discussed the dormancy period for judgments and the life of the liens which secure them. In noting that judgment liens remain valid only as long as the obligations they secure, we recognized "[t]he lien expires by operation of the common-law rule that the lien ceases to operate when the obligation it secures is extinguished." *Laubach,* 2003 OK 67, ¶ 18, 73 P.3d 887, 896–97, n. 35. [citations omitted].

▪ ¶ 14 The common law may not be abrogated by implication; instead, its alteration must be explicitly expressed. See *Brown v. Founders Bank and Trust Company,* 1994 OK 130, ¶ 15, 890 P.2d 855, 863; *Greenberg v. Wolfberg,* 1994 OK 147, 890 P.2d 895. See also *Rogers v. Meiser,* 2003 OK 6, 68 P.3d 967, in which this Court held the Residential Property Condition Disclosure Act, 60 O.S.2001 §§ 831–839, did not

preclude a claim for common law fraud, despite the Act's stated purpose of limiting the buyer's remedies and providing immunity to the seller.[9]

▪▪ ¶ 15 The rule that a lien on a joint tenancy interest is extinguished upon the death of the joint tenant is an accepted substantive concept of the common law. See *Ladd v. State of Oklahoma, ex rel. Oklahoma Tax Commission,* 1984 OK 60, 688 P.2d 59. A joint tenancy can be severed only during the lifetime of the joint tenant. *Matter of Estate of Ingram,* 1994 OK 51, 874 P.2d 1282, citing *Littlefield v. Roberts,* 1968 OK 180, 448 P.2d 851; *Shackelton v. Sherrard,* 1963 OK 193, 385 P.2d 898. A levy or execution destroys the joint tenancy and allows the creditor to reach the joint tenant debtor's interest. Without this severance, the creditor cannot reach the debtor's interest after his death because the surviving joint tenants take under the original grant, not from the deceased. *Ladd v. State ex rel., Oklahoma Tax Commission,* 1984 OK 60, ¶ 4, 688 P.2d at 61.

### DISCUSSION AND AUTHORITIES

¶ 16 With the common law rule on joint tenancies in Oklahoma in mind, we examine 12 O.S.2001 § 706(B) which provides that a properly filed "Statement of Judgment" attaches as a lien to the debtor's homestead. This case is similar to *Ladd,* supra, in that the creditor, the Oklahoma Tax Commission, argued its tax lien did not terminate until paid pursuant to 68 O.S.1981 §§ 231, 234 (since amended).[10] This Court held, howev-

---

8.  12 O.S.2001 § 2. **Force of common law**

    The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma; but the rule of the common law, that statutes in derogation thereof, shall be strictly construed, shall not be applicable to any general statute of Oklahoma; but all such statutes shall be liberally construed to promote their object.

    Section § 706 is a general money judgment lien statute. See *First Community Bank of Blanchard v. Hodges,* 1995 OK 124, 907 P.2d 1047.

9.  In *Rogers v. Meiser,* 2003 OK 6, ¶ 18, 68 P.3d 967, 978, this Court cited 85 O.S.2005 § 12 of the Workers' Compensation Act and 51 O.S.2001

§ 153(B) of the Governmental Tort Claims Act as examples of the Legislature's intent to limit a claimant's remedies to those provided by statute. Both statutes provide the liability shall be "exclusive" and in place of all other liability "at common law or otherwise."

After our decision in *Rogers v. Meiser,* 60 O.S. 2001 § 837(B) was amended in 2003. It now provides:
    B. The **sole and exclusive civil remedy at common law or otherwise** for a failure under subsection A of this section by the seller or the real estate licensee shall be an action for actual damages ... and shall not include the remedy of exemplary damages. [emphasis added.]

10.  The current statute, 68 O.S. Supp.2003, § 231(B), also provides that filing a tax warrant in the county clerk's office constitutes notice of

er, that because the interest to which the lien attached ceased to exist when the joint tenant died, the lien also ceased to exist. Timothy argues the *Ladd* case is distinguishable because no homestead property was involved. However, we find the cases are similar in that they each consider the common law rule on joint tenancies and its effect on the lien statutes at issue. We declined to infer legislative intent in 68 O.S. §§ 231, 234 to abandon the common law rule pertaining to liens on joint tenancy interests. *Ladd*, 1984 OK 60, ¶ 10, 688 P.2d 59, 61. We held the liens involved ceased to be valid because the underlying interest to which they attached ceased to exist. *Ladd* is relevant to the present case because of the well-settled common law rule that a joint tenant's interest in property is extinguished at the time of a joint tenant's death.

¶ 17 Timothy offers citations to bankruptcy cases which recognize the amendment of § 706 as a change in Oklahoma exemption law because judgment liens now specifically attach to a debtor's homestead. While the issue of whether such liens should be avoided under bankruptcy law is a matter of federal law and not pertinent to our decision in this case, the bankruptcy courts' discussion of the nature of a § 706 lien is instructive and persuasive. He cites, *inter alia*, *In re Richardson*, 224 B.R. 804 (Bankr.N.D.Okla.1998) which cites *In re McKinney–Jones*, 219 B.R. 619 (Bankr.W.D.Okla.1998). Although these cases reached different results on the lien avoidance issue,[11] both examined amended § 706 and determined the lien becomes en-

forceable only when the property is no longer used as the debtor's homestead.[12]

¶ 18 The reasoning of the bankruptcy courts is reasonable and persuasive. It recognizes the clear language in § 706 shows an intent to protect the homestead even if the lien has attached. The property may not be sold to pay the outstanding judgment while it is used as the judgment debtor's homestead. Applying this rule to this case, Timothy never had a chance to enforce his lien because there was never a time that Charles **did not** use the property as his homestead. As we did in *Ladd*, we also decline to infer legislative intent to abandon the common law rule regarding judgment liens on joint tenancy interests.

## ATTORNEY FEES AND COSTS ON APPEAL

¶ 19 Claire has filed motions for attorney fees and costs incurred in the trial court and on appeal. Her authority for an award of attorney fees is Supreme Court Rule 1.14(b), 12 O.S. § 696.4(C), 42 O.S. § 176 and 42 O.S. § 177. Her authority for taxation of costs[13] is Supreme Court Rule 1.14(a), 42 O.S. § 176 and 42 O.S. § 177.

■ ¶ 20 Claire's motion for attorney fees at trial and on appeal is denied. Although she filed this action for declaratory judgment in response to Timothy's lawsuit to satisfy his lien, neither action was brought pursuant to the lien statutes under title 42 of the Oklahoma Statutes pertaining to mechanics and materialmen's liens. Therefore, her citations

the state's lien upon any real property of the taxpayer "until such tax, penalty and interest accruing thereon is paid."

11. The court in *McKinney–Jones* found the lien did not impair the homestead, and was thus not avoidable, because the lien was a non-executable judgment lien. The court in *Richardson* found the lien did impair the exemption because the lien limited the scope of the state law exemption and interfered with the "fresh start" policy achieved by avoidance of liens under 11 U.S.C. § 522(f).

12. This is echoed by the Tenth Circuit Bankruptcy Appellate Panel in *In re Coats*, 232 B.R. 209 (10th Cir.BAP Okla.1999), also cited by Timothy. *Coats* considered *Richardson* and *McKinney–Jones*, supra, and the effect of the 1997 amend-

ment of § 706 and its impact on the avoidance of liens under 11 U.S.C. § 522(f). The appellate panel favored the disposition reached in *Richardson* because avoidance of judgment liens avails debtors the full benefit of the exemption allowed by state law. The panel reasoned that if the debtor sold his homestead after his discharge, the existence of a judicial lien would require satisfaction of the judgment at the time of sale in order to give clear title, interfering with the debtor's "fresh start" after bankruptcy. The panel thus recognized the lien would remain attached to the property but would be subject to enforcement only if the property was no longer exempt.

13. She seeks $254.80 for costs related to the appeal. She seeks $322.75 for costs incurred in the trial court.

to 42 O.S.2001 §§ 176 and 177 do not provide authority for attorney fees in the trial court or on appeal.

¶ 21 Claire's verified motion to tax costs is granted in part and denied in part. Claire is entitled to costs on appeal for Supreme Court filing fees and for completion of the appellate record prepared in accordance with Supreme Court Rule 1.36, in the total amount of $213.00. See 12 O.S.2001 § 978; *Spears v. Shelter Mutual Insurance Company*, 2003 OK 66, 73 P.3d 865; *Carroll v. Axelson, Inc.*, 1999 OK 13, 976 P.2d 1046. Fees for courier services are not recoverable costs and her request for that service in the amount of $41.80 is denied. Costs incurred at trial are not taxable in this Court. Claire's request for costs at trial in the amount of $322.75 is denied. *Spears,* supra. Therefore, the Clerk of the Supreme Court shall tax $213.00 in costs in favor of Appellant Claire Henrietta Toma, and against Appellee Timothy N. Toma.

## CONCLUSION

¶ 22 Judgment liens pursuant to 12 O.S.2001 § 706 become enforceable only when the property to which they are attached is no longer used as homestead property. Timothy was thus precluded from executing on his lien because Charles continued to use the property as his homestead until his death. As noted above, we declined in *Ladd* to infer legislative intent from the tax lien statutes to abandon the common law rule pertaining to liens on joint tenancy interests. We held the liens involved therein ceased to be valid because the underlying interest to which they attached ceased to exist. Similarly, we find no language in 12 O.S.2001 § 706 suggesting legislative intent to abandon the common law rule pertaining to judgment liens on joint tenancy interests. This result, moreover, is consistent with the prohibition in the Oklahoma Constitution, Art. XII, Art. II, and the exemption statute, 31 O.S. § 1, against the forced sale of homestead property for the payment of debts.

¶ 23 The § 706 judgment lien attached to the homestead, but it could not be enforced while the property was used as Charles' homestead. The Oklahoma legislature's amendment of § 706 to allow judgment liens to attach to homestead property remains explicitly limited by its reference to constitutional and statutory provisions [14] prohibiting the forced sale of homestead property. Because that prohibition is explicitly stated in § 706, we are persuaded the Legislature intended for the lienholder to satisfy his judgment only after the debtor's property **is no longer used as homestead property.** Because of the nature of joint tenants' interest in the whole property, the surviving joint tenant assumes the entire ownership of the property immediately upon the deceased joint tenant's death. Therefore, during Charles' life the property was continuously used as his homestead. Because the lien was extinguished when Charles' interest was extinguished, Timothy's opportunity to execute on his lien never arose. As in *Ladd,* we find no expression of legislative intent in § 706 to require our departure from adhering to this time-honored rule.

¶ 24 Timothy thus had only a limited remedy under the terms of § 706 to enforce his judgment due to the homestead character of Charles' property. This limitation exists for two reasons. First, the Legislature **clearly and specifically** made § 706 judgment liens subject to existing Oklahoma law which protects homestead property from forced sale. Second, the Legislature **did not include** any language showing an intent to abrogate the common law rule regarding joint tenancy property. We find this omission to indicate the absence of legislative intent to change the common law rule on joint tenancy interests.[15]

¶ 25 We agree with COCA's holding that a sale, in conjunction with an execution and levy, is required to sever the joint tenancy. Perfection of the judgment lien under the requirements of § 706 is not sufficient. The terms of § 74 indicate the severance of a joint tenancy, after execution and levy, is only accomplished with a sale of the

---

**14.** See notes 1 and 2, *supra.*

**15.** See ¶ 13; notes 6 and 7, *supra.*

property. The lien in this case, filed against the interest of a deceased joint tenant, was not preserved without an act taken to sever the joint tenancy during the debtor/joint tenant's life. The joint tenancy was extinguished and the entire ownership of the property became vested in Claire.

**OPINION OF COURT OF CIVIL APPEALS IS VACATED; TRIAL COURT'S JUDGMENT IS REVERSED; APPELLANT'S MOTIONS FOR ATTORNEY FEES ARE DENIED; APPELLANT'S MOTIONS FOR COSTS ARE GRANTED IN PART AND DENIED IN PART.**

WINCHESTER, C.J., EDMONDSON, V.C.J., LAVENDER, HARGRAVE, WATT, TAYLOR, COLBERT, JJ., concur.

OPALA, J., concurring in result in part and dissenting in part

Insofar as the court concludes that the death of the joint tenant extinguished the lien sought to be enforced in this cause against an interest no longer in legal existence, I **concur in the result.**

Insofar as the court denies the surviving tenant's motion for counsel-fee award as the prevailing party in the suit, **I dissent.**

KAUGER, J., concurs in part; dissents in part.